This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40482**

**STATE OF NEW MEXICO,**

>      Plaintiff-Appellee,

v.

**PAUL A. CAIN,**

>      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Steven Blankinship, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Paul A. Cain
Chaparral, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**BOGARDUS, Judge.**

**{1}**      Defendant, a self-represented litigant, appeals from the district court's order denying Defendant's motion to amend his judgment and sentence. In this Court's notice of proposed disposition, we proposed to summarily affirm. Defendant filed a memorandum in opposition, which we have duly considered. Remaining unpersuaded, we affirm.

**{2}**      In relation to the monetary deductions taken from Defendant's compensation for victim restitution, pursuant to NMSA 1978, Section 33-8-8(C)(2) (1991), Defendant continues to argue that NMSA 1978, Section 31-12-13 (2015), which established a

mandatory crime victims reparation fee in the amount of $75, conflicts with Section 33-8-8 and should be retroactively applied to his judgment and sentence. [MIO 2, 5-10] However, as we noted in our notice of proposed disposition, Defendant's argument erroneously conflates the mandatory victims reparation fee created by Section 31-12-13 with any court ordered victim's restitution. [CN 3] Thus we are unpersuaded by Defendant's argument, as it is premised on Defendant's inaccurate belief that Section 31-12-13 places a $75 limit on the amount of victim restitution that the court may impose. [CN 3]

{3}    Further, we disagree with Defendant's claim that the district court's order, and our proposed affirmance of the same, unconstitutionally denies Defendant "access to the courts." [MIO 6] We are unpersuaded by Defendant's conclusory assertion in his memorandum in opposition that Defendant has shown that his motion for reconsideration of his sentence was "the proper vehicle to present this question to the district court" and, even if it was not, that dismissal of his motion is "untenable" because it should have been converted to a habeas corpus petition. [MIO 10] Indeed, this assertion is not supported by the content of Defendant's memorandum in opposition, which appears to agree with this Court's proposed conclusions both that the relief requested by Defendant cannot be obtained by a writ of habeas corpus [CN 3-4; MIO 1] and that Defendant's motion presented nothing for the district court to amend or reduce in his sentence [CN 3] because, in Defendant's own words, "you cannot reduce a sentence that is not a sentence." [MIO 2] The fact that the merits of Defendant's argument are not appropriate for consideration in a motion to reduce sentence in his underlying criminal case or in a petition for writ of habeas, does not serve to deny Defendant access to the judiciary. Indeed, nothing in this opinion limits Defendant's ability to have his claim reviewed if it is appropriately pled.

{4}    Defendant's memorandum in opposition has not otherwise asserted any fact, law, or argument that persuades us that our notice of proposed disposition was erroneous. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{5}    Accordingly, for the reasons stated in our notice of proposed disposition and herein, we decline to construe Defendant's appeal as a petition for writ of habeas corpus and affirm the district court's order denying Defendant's motion to amend his judgment and sentence.

{6}    **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**ZACHARY A. IVES, Judge**

**SHAMMARA H. HENDERSON, Judge**